389 P.2d 737

**CREST MOTORS, INC., Plaintiff and Respondent,**

v.

**Alexander S. FISH, Defendant and Appellant.**

No. 9958.

Supreme Court of Utah.

March 4, 1964.

Jack Fairclough, Salt Lake City, for appellant.

Dean W. Sheffield, Ralph A. Sheffield, Salt Lake City, for respondent.

HENRIOD, Chief Justice.

Appeal from a judgment for plaintiff. Affirmed with instructions. No costs awarded.

Plaintiff was a Salt Lake car dealer, defendant a Detroiter who claimed he was an agent for plaintiff in obtaining and forwarding cars for the latter, and that over a period of years had operated as such. Plaintiff says there was no principal-agent relation, but that he was a buyer from defendant, an independent contractor. This litigation arose out of a transaction consummated by telephone wherein defendant shipped a Cadillac and a Chevrolet to plaintiff, who had wired $3,000 to defendant's account in payment for this package deal. The Cadillac proved to be a stolen car and ·plaintiff reimbursed the true owner or his agents, after which he sued defendant for the portion of money he had wired representing the Cadillac consideration, which was $2,700, together with freight and repair charges. Judgment was entered for all three.

■ The only question was whether plaintiff bought the Cadillac from defendant, or whether the latter bought it as agent for plaintiff. The lower court, on evidence which was competent and believable, resolved the matter in favor of a buyer-seller arrangement and not an agency, and we affirm the trial court since it does not appear that he concluded as he did arbitrarily and/or capriciously.

■ However, concluding that this was an across-the-table transaction, and there appearing that no warranties were indulged as to the condition of the car, or the freight, both of which were absorbed by plaintiff without complaint prior to this litigation, we conclude that the judgment for $2,700 plus interest from the time of sale to judgment was all to which plaintiff was entitled under the circumstances of this case. The case is remanded for modification of the judgment in accordance with the views herein expressed.

McDONOUGH, CALLISTER, CROCKETT, and WADE, JJ., concur.